## CONSTRUCTION OF STATUTE RELATING TO EMBEZZLEMENT OF PUBLIC FUNDS.

Common Pleas Court of Medina County.

STATE OF OHIO V. CHARLES H. GUNKELMAN. *

Decided, 1911.

*Criminal Law—Construction of Section 12873—Relating to Embezzlement by Public Officials—Mere Use of Public Funds Not a Crime.*

The use of public funds by the official in whose custody they are placed by law does not constitute an offense, unless there is a defalcation on the part of such official; and where the testimony discloses that all funds so used by the defendant official have been returned, and there is no defalcation as to any part thereof, a motion will be granted to instruct a verdict for the defendant.

*Arthur Van Epp.,* Prosecuting Attorney, for the state.
*Frank Heath,* contra.

STROUP, J. (orally).

We will take up for decision the second paragraph of the motion made by the defendant to direct a verdict, which is that all the evidence introduced by the state does not show the commission of any offense by this defendant, under the laws of the state; and the state has failed to make out a case against the defendant, etc.

Every crime in Ohio is defined by statute. I will go over some decisions, briefly, as to how the courts are to construe statutory crime:

"A criminal statute is to be strictly construed, and its language is not to be extended beyond its fair interpretation, to the prejudice of the accused." *Smith* v. *State,* 1 C.C.(N.S.), 493.

---

* Exceptions to the ruling in this case were overruled by the Supreme Court November 26, 1912.

Again:

"Penal statutes are to be construed strictly, and can not be extended, by implication, to cases not falling within their terms." *Hall* v. *State,* 20 O. R., 8.

Again:

"Where an act is made punishable by fine and imprisonment, the words in which the offense is defined and punishment prescribed must be strictly construed, whether they are found in a statute, or an ordinance or by-law." *Schultz* v. *Cambridge,* 38 Ohio St., 659.

And in a recent case:

"It is a familiar and fundamental rule of interpretation which requires that in the construction of a statute or constitution, meaning must, if possible, be given to every part and word." *State* v. *Durflinger,* 73 Ohio St., 154, at 159.

Section 10214 of the General Code is a statute not often referred to, but it is in force in Ohio. These words are used:

"The provisions of part third and all proceedings under it, shall be liberally construed, in order to promote its object, and assist the parties in obtaining justice."

This is with reference to remedies, I suppose, and procedure. Further quoting:

"The rule of the common law, that statutes in derogation thereof must be strictly construed has no application to such part."

Particularly applicable at this time is this provision:

"But this section shall not be so construed as to require a liberal construction of provisions affecting personal liberty, relating to amercement, or of a penal nature."

This same statute was cited and commented upon in the case of *State* v. *Gibbs et al,* 7 N.P. (N.S.), 345, at 360, and the court of Huron county, I think, said this, in reference to this statute, that:

"The rule of strict construction in criminal matters is jealously guarded."

And again, a more recent case:

"The object of judicial investigation in the construction of a statute is to ascertain and give effect to the intent of the law-making body which enacted it." 81 Ohio St., 171, at 178.

The intention of the law-makers is to be—

"Collected from the causes of the law, its scope, its object, its language, its purposes expressed in its title and context and the manifest incentive for their enactment as evidenced by the circumstances attending its passage, all harmonizing." *State* v. *Gibbs et al,* 7 N.P.(N.S.), 345, on page 355.

In the case of *State* v. *Meyers,* 56 Ohio St., 350, the Supreme Court of this state uses these words: ·

"And, under that fundamental rule of strict construction applicable to all penal laws, a statute defining a crime can not be extended by construction to persons or things not within its descriptive terms, though they may appear to be within the reason and spirit of the statute. Persons can not be made subject to such statute by implication."

The words that I now read, it seems to me are of great importance:

"Only those transactions are included in them which are within both their spirit and letter; and all doubts in the interpretation of such statutes are to be resolved in favor of the accused."

Now, that being the law which must govern this court, let us take up the statutes, or the statute under which the defendant in this case is indicted. Section 12873 is what is called the "public officer embezzlement statute." It provides that:

"Whoever, being charged with the collection, receipt, safe-keeping, etc., of public money * * * who converts it to his own use, etc., shall be guilty of embezzlement of the money or other property thus converted * * * and shall be im-

prisoned in the penitentiary not less than one year nor more than twenty-one years, and (not or) fined double the amount of money or other property embezzled.''

The next section provides that this fine shall ''operate as a judgment at law   *   *   *   and be enforced to collection   *   *   *   for the use only of the owner of the property or effects so embezzled.''

Referring now to Section 13674. This statute provides that failure or refusal to pay over public money—I am not quoting the exact words—or part thereof, or to account to, or make settlement with a legal authority, shall be *prima facie* evidence of the embezzlement **thereof.**

Now, what do these statutes mean? It will be noticed that the section I first quoted, 12873, provides that when a party pleads guilty, or is found guilty, the court must not only sentence him to the penitentiary for a period not less than one year nor more than twenty-one years, but the court must furthermore—and it is as imperative in one as in the other—fine him double the amount of the money embezzled.

Another statute which, while it was in force, was analogous to this, was the old statute which provided that when one sells liquor to a minor, he should be fined and imprisoned. The courts were called upon in cases under that statute not only to fine the defendant, but also to imprison the defendant. I think that law has since been changed, and the word, ''or,'' has been used in the place of ''and.''

Now, the 56 Ohio State case, to which I have referred, is a case where one Meyers was indicted as a deputy auditor, for embezzlement under this section of the statute. Judge Williams, in construing Section 12873, G. C., or Section 6841 of the Revised Statutes, uses these words, at page 345:

''The question raised by the demurrers, and presented by the exceptions, is whether this section applies to a deputy county treasurer who misappropriates the public moneys in either of the modes forbidden by the section. In the determination of the question, other statutory provisions may properly be considered, especially those of Section 7299''—that is the present *prima facie*

statute, only the number is different—"which, with the provisions of Section 6841,"—the public officer embezzlement statute— "were orginally enacted in what is known as the independent treasury act, passed in 1858, and together constituted but one section (Section 15) of that act.  The section was divided in the codification of the statutes, and the parts assigned to their appropriate places, as they now appear in the criminal code, without material alteration; the one being placed in the chapter in which crimes and offenses are defined, and the other in that regulating criminal procedure.  The latter, now Section 7299, reads as follows," etc.

At page 346, Judge Williams says:

"It will be noticed that by its terms, Section 6841 is restricted in its application, to persons who are 'charged with the collection,' " etc.

Later on, he says:

"And the limitation is carried through Section 7299, which declares that any failure or refusal to pay over, or to produce the public money, etc., shall make a *prima facie* case of embezzlement."

And at page 347, he says:

"From these provisions, it seems reasonably certain that the persons who are subject to prosecution under Section 6841, are those only, who are charged by law with the performance of the duties, or some of them, therein mentioned," etc.

I refer to this, only, as showing that in construing one, the Supreme Court looks as well to the other.

And again, on page 348, the court says:

"And the application of both Sections 6841 and 7299, to such officers and persons, is clear and indisputable."

It can be see upon reading Section 12873, it clearly was not the intention of the Legislature, where money has been paid back into the township treasury, and the public is not loser, that a defendant shall be imprisoned in the penitentiary and also fined double the amount of the money.  So, then, we have to look

to the rules of law which I have mentioned, to ascertain the intent of the law-making body at the time these sections were enacted.

We know it was the common experience of treasurers, up to within a recent time, to take money which they had in their custody, public money, and use it in their business. They thought they had a right to do it; they had given a bond to the public officers. They thought they had not only a right to use the money, but up to within recently they thought that they had a right to the interest on that money, as long as their bond was given, which they regarded as safe-guarding the rights of the public, in obligating them to make their settlement and turn the money over; and so far as the public was concerned, they were not interested further; the public was only interested in finally knowing and feeling that the public money was forthcoming, when a settlement was made, and the official books presented and they showed that fact.

It was when the situation was as I have described, that the law as to the embezzlement of public officers was enacted.

Now, it is not the province of the court to enact the law. The court is only called upon to construe the law in cases of this nature.

In construing this statute, 12873, G. C., according to the rules by which it is to be construed, and considering the other section of the statute, 13674, G. C., which was enacted at the same time, it seems to me one can come to the conclusion only that the intention of the law-making body at the time the same was enacted, was to provide for a crime only where a treasurer converted the money to his own use and defaulted. If such was not the intention, the statute, when it prescribes the punishment, would read in substance, ''shall be imprisoned in the penitentiary, and in case the money is not forthcoming, or there is a defalcation, the defendant shall be fined double the amount of the property embezzled,'' but in a case where there was no defalcation, the punishment would merely be imprisonment in the penitentiary.

Motion to direct a verdict for the defendant sustained.